IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

v.

DYJERRIN DIZALE EARL GOLDMAN, SR.,

Case No. 2:22-cr-01456-MIS

Defendant.

## ORDER DENYING MOTION TO APPOINT COUNSEL TO PURSUE A MOTION FOR SENTENCE REDUCTION UNDER AMENDMENT 821 TO THE UNITED STATES SENTENCING GUIDELINES

THIS MATTER is before the Court on Defendant Dyjerrin Dizale Earl Goldman, Sr.'s pro se Motion to Appoint Counsel to Pursue a Motion for Sentence Reduction Under Amendment 821 to the United States Sentencing Guidelines, ECF No. 37, filed May 19, 2025.  The Government filed a Response on August 9, 2025.  ECF No. 39.  Because Defendant is not entitled to relief under Amendment 821, the Court will DENY the Motion.

Amendment 821 has two parts—Part A and Part B.  See United States Sentencing Commission, Amend. 821, available at https://www.ussc.gov/guidelines/amendment/821 (last visited Aug. 18, 2025).  "Part A changes the calculation of status points, i.e., points added to a defendant's offense level for committing the crime at issue 'while under any criminal justice sentence,' such as probation, parole, or supervised release." United States v. Alvarez-Narzagaray, No. CR 10-1917 JB, 2025 WL 1654857, at *1 (D.N.M. June 10, 2025) (citation omitted). Specifically,

> any criminal defendant who has accrued seven or more criminal history points under subsections (a) through (d) of § 4A1.1 and who also committed his or her instant offense while under a criminal justice sentence (including supervised release) receives a one-point increase. Prior to Amendment 821, the same criminal defendant would have received a two-point increase.

United States v. Wilson, Case No. CR-23-420-D, 2025 WL 1523023, at *1 (W.D. Okla. May 28, 2025) (citing U.S.S.G. § 4A1.1(d)).  Here, Defendant did not receive any status points for committing his offense while under a criminal justice sentence.  See Presentence Investigation Report ("PSR") ¶ 26, ECF No. 26.  Therefore, Defendant is not eligible for a sentence reduction under Part A of Amendment 821.  See Alvarez-Narzagaray, 2025 WL 1654857, at *1 (finding that the defendant was not eligible for a sentence reduction under Amendment 821 (Part A) because he "did not receive any status points for committing his crime while under a criminal justice sentence").

Part B "amended Chapter Four of the Sentencing Guidelines to provide 'a two-offense-level reduction for offenders who present with zero criminal history points if the offender satisfies ten prerequisites for eligibility . . . .'"[1]  United States v. Khan, 743 F. Supp. 3d 1299, 1305-06

---

[1] Specifically, Amendment 821 (Part B) amended Chapter Four of the Sentencing Guidelines to add the following new Part C:

> PART C — ADJUSTMENT FOR CERTAIN ZERO-POINT OFFENDERS
> §4C1.1. *Adjustment for Certain Zero-Point Offenders*
>   (a) *Adjustment*.—If the defendant meets all of the following criteria:
>     (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>     (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>     (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>     (4) the offense did not result in death or serious bodily injury;
>     (5) the instant offense of conviction is not a sex offense;
>     (6) the defendant did not personally cause substantial financial hardship;
>     (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>     (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
>     (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
>     (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;
>   decrease the offense level determined under Chapters Two and Three by 2 levels.
>   (b) *Definitions and Additional Considerations*.—
>     (1) 'Dangerous weapon,' 'firearm,' 'offense,' and 'serious bodily injury' have the meaning given those terms in the Commentary to §1B1.1 (Application Instructions).

(D.N.M. 2024) (quoting United States v. Espinoza-Pena, CR. No. 17-0574 JCH, 2024 WL 1675672, at *1 (D.N.M. Apr. 18, 2024)). One of the prerequisites for eligibility requires that "the defendant did not receive any criminal history points from Chapter Four, Part A[.]" U.S.S.G. § 4C1.1(a)(1) (2024). Here, Defendant received <u>thirteen</u> criminal history points under Chapter Four, Part A. PSR ¶ 40. Consequently, Defendant is not eligible for a sentence reduction under Part B of Amendment 821. See United States v. Salomon-Sillas, Criminal Case No. 20-cr-00014-PAB-2, 2025 WL 71663, at *2 (D. Colo. Jan. 10, 2025) (finding that the defendant was not eligible for a sentence reduction under Amendment 821 (Part B) because the defendant "did not have zero criminal history points at sentencing").

Therefore, it is HEREBY ORDERED that Defendant's Motion to Appoint Counsel to Pursue a Motion for Sentence Reduction Under Amendment 821 to the United States Sentencing Guidelines, ECF No. 37, is DENIED.

*[signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

(2) 'Sex offense' means (A) an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 110 of title 18, not including a recordkeeping offense; (iii) chapter 117 of title 18, not including transmitting information about a minor or filing a factual statement about an alien individual; or (iv) 18 U.S.C. § 1591; or (B) an attempt or a conspiracy to commit any offense described in subparagraphs (A)(i) through (iv) of this definition.

(3) In determining whether the defendant's acts or omissions resulted in 'substantial financial hardship' to a victim, the court shall consider, among other things, the non-exhaustive list of factors provided in Application Note 4(F) of the Commentary to §2B1.1 (Theft, Property Destruction, and Fraud).

United States Sentencing Commission, Amend. 821, <u>available at</u> https://www.ussc.gov/guidelines/amendment/821 (last visited Aug. 18, 2025). The current version of the Sentencing Guidelines splits the tenth criterion into two separate criteria requiring that (1) "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role)[,]" U.S.S.G. § 4C1.1(a)(10) (2024), and (2) "the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[,]" U.S.S.G. § 4C1.1(a)(11) (2024).