**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

DYJERRIN DIZALE EARL GOLDMAN, SR.,

          Case No. 2:22-cr-01456-MIS

    Defendant.

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR SENTENCING
TRANSCRIPT PURSUANT TO 28 U.S.C. § 753(f)**

THIS MATTER is before the Court on Defendant Dyjerrin Dizale Earl Goldman, Sr.'s Motion for Sentencing Transcript Pursuant to 28 U.S.C. § 753(f), ECF No. 46, filed April 28, 2026.

This is the fourth Motion Defendant has filed seeking his sentencing hearing transcript. On April 8, 2025, Defendant filed a motion requesting a copy of his sentencing hearing transcript "for appellate purposes" ("First Motion"). ECF No. 32 at 2. On August 18, 2025, the Court issued an Order denying the First Motion as moot "because Defendant's appeal has been dismissed."[1] ECF No. 40 (citing Order Dismissing Appeal, United States v. Goldman, No. 25-2039 (10th Cir. Apr. 14, 2025), docketed at ECF No. 35-1).

Next, on September 16, 2025, Defendant filed a second motion requesting his sentencing hearing transcript, this time pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A ("Second Motion"). ECF No. 42. Therein, Defendant stated that he wishes to file a "post-conviction motion with this Honorable Court, and therefore the transcripts are direly needed to perfect said motion." Id. at 1. He further argued that because he was represented by court-appointed counsel under the CJA, he is entitled to the transcript at no charge under 28 U.S.C. § 753(f). Id. at 1. That statute provides, in relevant part:

---

[1] The Tenth Circuit dismissed Defendant's appeal as untimely because his notice of appeal was "nearly two years too late." ECF No. 35-1 at 2.

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f).

On September 24, 2025, the Court entered an Order denying the Second Motion without prejudice because Defendant did not "indicate what type of 'post-conviction' motion he wishes to file with the Court, so the Court cannot assess whether ordering the Government to pay for the transcript of his sentencing hearing is appropriate."  ECF No. 43 at 2.  The Court instructed:

> 1.    If Defendant believes that he needs his sentencing hearing transcript to pursue a post-conviction motion in this criminal case, he may file a renewed motion for his sentencing hearing transcript and explain to the Court (1) what post-conviction motion he wishes to file and (2) why the sentencing hearing transcript is needed to pursue the motion.
>
> 2.    If Defendant wishes to file a post-conviction petition for writ of habeas corpus—which is a civil matter—he should first file his habeas petition and a motion to proceed in forma pauperis; if the Court grants the motion to proceed in forma pauperis, Defendant may file a new motion for his sentencing hearing transcript if the transcript is needed to decide an issue presented by the petition.
>
> 3.    If Defendant wishes to file a post-conviction motion under 28 U.S.C. § 2255—which is a civil matter—he should first file his Section 2255 Motion and a motion to proceed in forma pauperis; if the Court grants the motion to proceed in forma pauperis, Defendant may file a new motion for his sentencing hearing transcript so that the Court can determine whether the suit "is not frivolous and that the transcript is needed to decide the issue presented by the suit[.]"  28 U.S.C. § 753(f).

Id.

On February 17, 2026, Defendant filed a third motion for his sentencing hearing transcript ("Third Motion").  ECF No. 44.  Therein, he argued that he has a "common law right" to access

2

his sentencing hearing transcript. Id. at 2 (citing United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985)).  He further argued that he is indigent and denying him access to the sentencing hearing transcript constitutes a violation of his equal protection and due process rights "to partake in collateral proceedings."  Id. at 3.  However, he did not identify what "collateral proceedings" he intends to bring or otherwise comply with the Court's Order denying his Second Motion, ECF No. 43.

On February 26, 2026, the Court entered an Order denying the Third Motion without prejudice because although "a common law right exists to inspect and copy judicial records[,]" ECF No. 45 at 3 (quoting Hickey, 767 F.2d at 708), "the Court has found no Tenth Circuit or Supreme Court authority holding that a common law right exists to free copies of court records for indigent persons proceeding pro se in collateral proceedings[,]" id. (citing Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (recognizing that indigent prisoners do not have an absolute constitutional right to free transcripts in collateral proceedings (citing United States v. MacCollom, 426 U.S. 317, 326-27 (1976) (holding that requiring an indigent prisoner to satisfy 28 U.S.C. § 753(f) does not violate the prisoner's rights to due process or equal protection))); Hines v. Barker, 422 F.2d 1002, 1007 (10th Cir. 1970) (holding that an indigent defendant does not have a constitutional right to a free transcript for exploratory use in collateral proceedings)).  The Court observed that "Defendant may have a statutory right to a free copy of his sentencing hearing transcript pursuant to 28 U.S.C. § 753(f), if he intends to use it in a habeas corpus proceeding or in a proceeding under 28 U.S.C. § 2255[,]" id., but Defendant failed to satisfy the requirements of Section 753(f), id.  The Court again instructed:

> 1.     If Defendant believes that he needs his sentencing hearing transcript to pursue a post-conviction motion in this criminal case, he may file a renewed motion for his sentencing hearing transcript and explain to the Court (1) what post-

conviction motion he wishes to file and (2) why the sentencing hearing transcript is needed to pursue the motion.

2.      If Defendant wishes to file a post-conviction petition for writ of habeas corpus—which is a civil matter—he should first file his habeas petition and a motion to proceed in forma pauperis; if the Court grants the motion to proceed in forma pauperis, Defendant may file a new motion for his sentencing hearing transcript if the transcript is needed to decide an issue presented by the petition.

3.      If Defendant wishes to file a post-conviction motion under 28 U.S.C. § 2255—which is a civil matter—he should first file his Section 2255 Motion and a motion to proceed in forma pauperis; if the Court grants the motion to proceed in forma pauperis, Defendant may file a new motion for his sentencing hearing transcript so that the Court can determine whether the suit "is not frivolous and that the transcript is needed to decide the issue presented by the suit[.]"  28 U.S.C. § 753(f).

Id. at 4.

On April 28, 2026, Defendant filed the instant Motion for Sentencing Transcript Pursuant to 28 U.S.C. § 753(f).  ECF No. 46.  Therein, Defendant states that he "is currently preparing to file a U.S.C. sect. 2241 to attack the way the BOP [Bureau of Prisons] is executing his sentence . . . ."  Id. at 1.  Specifically, Defendant believes that the BOP is wrongly denying him Earned Time Credits under the First Step Act.  Id. at 1-2.  Defendant believes that this is a "non-frivolous claim" that satisfies 28 U.S.C. § 753(f).  Id. at 2.

To begin with, the Court is doubtful that there is anything in Defendant's sentencing hearing transcript that could possibly be relevant to Earned Time Credits under the First Step Act.  Regardless, Defendant has failed to comply with the Court's previous two Orders which instruct Defendant that he must first file a habeas petition and a motion to proceed in forma paurperis before the Court can determine whether he is entitled to a free copy of his sentencing hearing transcript under Section 753(f).  See ECF Nos. 43 at 2; 45 at 4.

Accordingly, Defendant's Motion for Sentencing Transcript Pursuant to 28 U.S.C. § 753(f), ECF No. 46, is **DENIED WITHOUT PREJUDICE** subject to the following: If Defendant wishes

to file a post-conviction petition for writ of habeas corpus—which is a civil matter—he should first file his habeas petition and a motion to proceed in forma pauperis; if the Court grants the motion to proceed in forma pauperis, Defendant may file a new motion for his sentencing hearing transcript if the transcript is needed to decide an issue presented by the petition.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE